UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:09-cr-00155-KJM |
| Plaintiff, | ORDER |
| v. | |
| Manuel Keith Vasquez, | |
| Defendant. | |

Defendant Manuel Keith Vasquez is currently serving a 240-month prison term. He seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). As explained below, the court **denies** the motion without prejudice.

**I.   BACKGROUND**

In 2009, the United States charged Mr. Vasquez with four counts related to his possession, receipt and transportation of images depicting children engaged in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a). *See generally* Indictment, ECF No. 1. He entered a plea agreement with the government a few months later. *See generally* Plea Agreement, ECF No. 24. As part of his plea agreement, he admitted federal officers had found computers and hard drives during a search of his home, and on these computers and hard drives they found sexually explicit

still images and videos of children. *See id.* Ex. A at 23.[1] He consented to an interview and admitted to having more than a thousand such images and videos on his computer. *Id.* at 24. He also admitted to sending sexually explicit videos of children to others over the internet. *Id.* at 23–24. This was not his first offense. He previously had been convicted of lewd or lascivious acts with a child under the age of 14 in violation of California Penal Code section 288(A). *Id.* at 25.

The previously assigned district judge entered judgment against Mr. Vasquez on all four counts and sentenced him to a 240-month term. J. & Commitment at 1–3, ECF No. 40. Counting good conduct credits, Mr. Vasquez must serve 206 months and 16 days to complete his sentence. Suppl. Br. at 2, ECF No. 54. He has now served "almost 85%" of that term. *Id.* During his sentence, however, his health has deteriorated. *Id.* He suffered a stroke in 2022 and "is currently being treated for Type II diabetes, hyperlipidemia, morbid obesity, hypertension (benign) essential, benign hypotrophy of prostate, psychosocial and environmental problems, Vitamin B12 deficiency, Vitamin D deficiency, major depressive disorder, anxiety disorder, and cerebrovascular disease," as well as nerve pain and inflammation. Opp'n at 8 (citing medical records); Suppl. Br. at 2 (same).[2] Over the past year, these health conditions have prevented him from caring for himself, as he cannot wait in food lines while carrying a tray, cannot shave himself, loses vision frequently and cannot remember others' names. Suppl. Br. at 2–3.

Due to his poor health, Mr. Vasquez moves for compassionate release. *See* Mot., ECF No. 46. The court appointed counsel to assist him in that motion, and counsel filed a supplemental brief on his behalf. ECF No. 54. He argues specifically his health conditions place him at higher risk of COVID-19 and diminish his ability to care for himself, although he does

---

[1] This order cites the page numbers applied by the CM/ECF system at the top right of each page of this document.

[2] The court grants the parties' requests to file Mr. Vasquez's medical records under seal to preserve his privacy. *See* Def. Notice, ECF No. 55; Gov't Notice, ECF No. 57. Mr. Vasquez's strong interest in confidentiality in his medical records outweighs the public's interest in access in this case. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also United States v. Sanders*, No. 13-312, 2021 WL 78869, at *5 (E.D. Cal. Jan. 6, 2021). The court also finds there are no alternatives to sealing that would adequately protect these compelling interests. The court has accordingly considered and relied on those medical records in resolving this motion.

receive medical care and has been vaccinated against COVID-19. *See generally id.* The government opposes, arguing the general risk of infection and COVID-19 does not justify release under § 3582(c). Opp'n at 9, ECF No. 56. It also contends Mr. Vasquez's chronic conditions do not require release, as the Bureau of Prisons (BOP) can adequately monitor and treat them. *Id.* Briefing is now complete. *See* Reply, ECF No. 58. The court took the motion under submission without hearing oral arguments.

## II.  LEGAL STANDARD

In general, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in exceptional circumstances, the court can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *Id.* A defendant must first exhaust administrative remedies. *Id.* Once administrative remedies are exhausted, the court's analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, including serious medical conditions of the defendant "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13

cmt. 1; *see also* Amendments to the Sentencing Guidelines § 1B1.13 (April 27, 2023) (moving these comments to the text of § 1B1.13 itself, effective Nov. 1, 2023).[3] The moving defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

### III.   ANALYSIS

Mr. Vasquez has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). *See* Opp'n at 4. The court thus begins with whether Mr. Vasquez has shown extraordinary and compelling reasons for release. The court interprets Mr. Vasquez's supplemental brief as advancing two arguments for why his health conditions comprise "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

First, he argues his conditions "place him at higher risk of hospitalization or death from a COVID-19 infections [sic]," Suppl. Br. at 6, even though he is up to date on vaccinations, *see id.* at 4 (noting vaccination in November 2022). He cites statistical information publicly available on the Centers for Disease Control and Prevention (CDC) website, *see id.* at 6, but he does not offer evidence specific to his condition, such as a declaration from his doctor or another expert, *see generally id.* As this court has observed, vaccination against COVID-19 "changes the calculus for defendants who claim" their medical conditions compel release because it reduces the risks of severe COVID-19. *United States v. Smith*, 538 F. Supp. 3d 990, 995–96 (E.D. Cal. 2021). For vaccinated defendants, this court evaluates "the risks of severe disease to a particular person," which requires "reliable evidence," *id.* at 996–97.

Based on these considerations, this court adopted a rebuttable-presumption that if a defendant has been vaccinated, "then the risk of severe harm from COVID-19 is not an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i) unless the defendant offers evidence of an elevated personal risk despite vaccination." *Id.* at 999. For example, this court recently denied a motion for compassionate release when a defendant raised similar health

---

[3] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited Oct. 17, 2023). The court applies the current Guideline but notes the change for completeness.

conditions and the attendant increased risk of hospitalization or death from COVID-19. *See United States v. Boyle*, No. 16-0048, 2023 WL 3480929, at *3 (E.D. Cal. May 16, 2023). The defendant did not offer evidence that vaccination would not protect him from severe harm, nor did he show any heightened risk of infection. *Id.*

This is a similar case. Mr. Vasquez does not offer evidence showing his having been vaccinated will not protect him from severe harm. Nor does the record include evidence of active inmate or staff cases of COVID-19 in the facility where he is detained. *See* Federal Bureau of Prisons, *COVID-19 Cases* (updated daily).[4] That facility currently is operating at a Level 1 BOP COVID-19 Operational Level, *see id.*, which means the medical isolation rate at the facility is less than two percent and the community transmission rate is less than "100 per 100,000 over the last 7 days," Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*.[5] Level 1 is the lowest possible institutional risk under the BOP's system. *Id.*

Second, Mr. Vasquez argues "he is unable to take care of himself independently on a day to day basis." Suppl. Br. at 3. To be sure, medical conditions that "substantially diminish" a defendant's ability to care for himself within his correctional facility can be a compelling and extraordinary reason. U.S.S.G. § 1B1.13 cmt. 1. And as noted above, recently proposed amendments to the Sentencing Guidelines would add this language to the main text. *See supra* at 3–4 & n.3. Although Mr. Vasquez's medical conditions, if proven, could support his request to modify his sentence, he has not cited evidence to show he cannot care for himself. *See* Suppl. Br. at 1–3. His counsel's descriptions of his conditions are unsupported by evidence. Without that evidence, the court cannot grant his motion.

Moreover, as the government emphasizes, Mr. Vasquez committed a serious offense and could pose a risk to the community if released on a date earlier than his current sentence provides. *See* Opp'n at 10–11. To consider granting release, the court would need to see a more developed safety plan, a current risk assessment, reliable evidence showing Mr. Vasquez's deteriorating

---

[4] https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Oct. 17, 2023)
[5] https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Oct. 17, 2023)

5

health reduces the likelihood of any further offenses, or other similar evidence. *See, e.g.*, *United States v. Malauulu*, No. 15-0124, 2021 WL 1784939, at *2 (E.D. Cal. May 5, 2021) (ordering similarly).

**IV.    CONCLUSION**

The requests to file under seal are **granted**. The court **denies the motion for compassionate release without prejudice to renewal**, with support in the form of evidence, as discussed above.

This order resolves ECF Nos. 46, 55, and 57.

IT IS SO ORDERED.

DATED: October 17, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE